PHILIP ALDES, Appellant, *v.* GEORGE ABBOT, Appellee.

APPEAL FROM MONROE.

A Register's certificate is not evidence of title, which does not show an entry and purchase of land.

THIS was an action of ejectment. Declaration in the usual form for Claim No. 697, survey No. 713. Aldes filed his plea of not guilty. Trial by court, O'MELVENY, Judge, presiding, at May Term of Monroe Circuit Court, 1859. Verdict and judgment for plaintiff.

In order to sustain his title, the plaintiff introduced the following certificate :

*Springfield, Ills., April 26, 1859.*

I, William E. Keefer, Register of the Land Office at Springfield, Illinois, hereby certify, that it appears from the Records of the late Kaskaskia Land Office, now on file in this office, that a certificate was granted by the Register of the said Kaskaskia office on the 27th day of May, 1817, and numbered 218, to John Singleton, "Present Claimant," Isaac Enoch, "Original Claimant," for Claim No. 697, Survey No. 713, for 100 acres, in conformity with acts of Congress passed April 26th, 1816.

Given under my hand and seal this day and year first above written.

WM. E. KEEFER, Register.

This certificate, as also the deed to Abbot founded thereon, were objected to by defendant's counsel, but objection overruled. Motion for new trial overruled.

The errors assigned are, that the court allowed the introduction of said papers in evidence, and overruled a motion for a new trial.

G. KOERNER, for Appellant.

W. H. UNDERWOOD, for Appellee.

BREESE, J. It is contended by the appellee in this case that

the register's certificate received in evidence by the court, is evidence of title to the premises in controversy, and so made evidence by the fourth section of the act respecting evidence and depositions.   (Scates' Comp. 255.)

That section is in these words:  " The official certificate of any register or receiver of any land office of the United States, to any fact or matter of record in his office, shall be received in evidence in any court in this State, and shall be competent to prove the fact so certified."

The fact stated in this certificate, and the only one, is, that on the 27th of May, 1817, the register's predecessor in office had granted to one John Singleton a certificate numbered 218, as the then claimant of claim No. 697, survey No. 713, for one hundred acres, in conformity with acts of Congress passed April 26th, 1816.

Of this isolated fact, and of this alone, the certificate was competent evidence, for it is the only fact of record in his office to which he certifies.

To make his certificate evidence of title, it should have been granted under the second clause of this section, which is as follows:  " The certificate of any such register, of the entry or purchase of any tract of land within his district, shall be deemed and taken to be evidence of title in the party who made such entry or purchase, or his heirs or assigns, and shall enable such party, his heirs or assigns, to recover the possession of the land described in such certificate, in any action of ejectment or forcible entry and detainer, unless a better legal and paramount title be exhibited for the same."

The certificate in question contains no statement of " an entry and purchase " by any one.   The only fact to which it speaks is, that a certificate was granted to John Singleton, as claimant of a certain claim and survey.   Such a certificate is not, under our statute, nor by any act of Congress, evidence of title, in ejectment.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*